**RANDOLPH UNION HIGH SCHOOL DISTRICT NO. 2, et al.**

v.

**Dona BYARD.**

**Civ. No. 2:94–CV–23.**

United States District Court, D. Vermont.

Aug. 31, 1995.

Georgiana O. Miranda, McKee, Giuliani & Cleveland, Montpelier, VT, for plaintiffs.

Paul H. Erlbaum, Montpelier, VT, for defendant.

### *RULING ON OBJECTIONS TO MAGISTRATE JUDGE'S REPORT (paper 56)*

MURTHA, Chief Judge.

In the instant action, the plaintiffs, Randolph Union High School District No. 2 (hereinafter "RUHS") and Orange Southwest Supervisory Union (hereinafter "OSSU") seek review of an administrative determination that RUHS did not provide Dona Byard's son (hereinafter "D.W.") with a free appropriate public education. RUHS and OSSU each filed a Motion for Judgment on the Pleadings. In addition, the local educational agency counterclaim defendants filed a Motion to Dismiss or, in the alternative, for Judgment on the Pleadings.

On March 31, 1995, United States Magistrate Judge Jerome J. Niedermeier issued a Report and Recommendation in which he proposed that the three pending motions for judgment on the pleadings be denied. On April 12, 1995, several defendants filed Objections to the Magistrate Judge's Report and Recommendation (paper 56).

The defendants argue, *inter alia,* that the Magistrate Judge erroneously concluded that D.W.'s death prior to the issuance of the administrative hearing officer's decision did not render the instant dispute moot. On this issue, Magistrate Judge Niedermeier concluded:

> Byard specifically requested attorneys' fees at the first due process hearing, and she was the "prevailing party." It is agreed that D.W.'s death mooted D.W. and Byard's requests for compensatory education services, an appropriate educational placement, and the development of an appropriate IEP. But Byard's right to attorneys' fees under the statute constitutes an actual, ongoing controversy. Based on the above, I cannot say, beyond a doubt, that the facts fail to support Byard's claim that her request for attorneys' fees saves the case from mootness.

Report and Recommendation, slip op. at 24 (footnotes omitted).

The question is: Does D.W.'s death render this proceeding moot? If so, then this action must be dismissed for failure to present a live case or controversy.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). To determine whether a controversy has become moot, the Court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant [judicial relief]." *Christopher P. by Norma P. v. Marcus,* 915 F.2d 794, 802 (2d Cir.1990), *cert. denied,* 498 U.S. 1123, 111 S.Ct. 1081, 112 L.Ed.2d 1186 (1991).

To sustain jurisdiction, a dispute must not only be alive when filed, but throughout its pendency. *Lewis,* 494 U.S. at 477–78, 110 S.Ct. at 1253–54. Ordinarily, an action which has become moot must be dismissed for lack of subject matter jurisdiction. *See id.* at 482, 110 S.Ct. at 1256.

The parties admit that D.W.'s death has rendered all issues moot with the possible exception of Dona Byard's claim for attorney's fees under 20 U.S.C. § 1415(e)(4)(B). *See* Report and Recommendation, slip op. at 22, n. 12. However, "[t]his interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim...." *Lewis,* 494 U.S. at 480, 110 S.Ct. at 1255. Under these circumstances, any liability for fees is merely a byproduct of the suit itself, not the result of a finding of liability under any substantive statute at issue. *Cf. Diamond v. Charles,* 476 U.S. 54, 70–71, 106 S.Ct. 1697, 1708, 90 L.Ed.2d 48 (1986). Byard cannot possibly be a "prevailing party" because, despite the hearing officer's favorable decision, this dispute was moot when it was filed. *See Palmer v. City of Chicago,* 806 F.2d 1316, 1324 (7th Cir.1986), *cert. denied,* 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 836 (1987) (Party who loses case because the court lacked jurisdiction is not a prevailing party.) In sum, this action was moot when initiated, and "fee shifting provisions cannot themselves confer subject matter jurisdiction. Rather, such provisions must be read in conjunction with substantive statutes to establish proper jurisdiction over fee applications." *W.G. v. Senatore,* 18 F.3d 60, 64 (2d Cir.1994).

The LEA Defendants' Objections to the Magistrate Judge's Report and Recommendation are sustained. This action is DISMISSED as moot.

SO ORDERED.