**NEW YORK STATE CHAPTER OF THE AMERICAN COLLEGE OF EMERGENCY PHYSICIANS, INC., Hospital Emergency Licensed Physicians, P.C., Hudson Valley Emergency Physicians Services, P.C. and Rome Emergency Services, P.C., Plaintiffs,**

v.

**Brian J. WING, as Acting Commissioner of Social Services of the State of New York, Barbara A. DeBuono, M.D., as Commissioner of Health of the State of New York, Patricia A. Woodward, as Director of the Division of Budget of the State New York, and George E. Pataki, as Governor of the State of New York, Defendants.**

No. 95–CV–1401.

United States District Court, N.D. New York.

Dec. 12, 1997.

Donohue, Sabo, Varley & Armstrong, P.C., Albany, NY (Alvin O. Sabo, of counsel), for Plaintiffs.

Dennis C. Vacco, Attorney General of the State of New York, Albany, NY (Mary Ellen Clerkin, Assistant Attorney General, of counsel), for Defendants.

## MEMORANDUM-DECISION AND ORDER

KAHN, District Judge.

### Introduction

In this civil rights action, the plaintiffs presently move for (1) an order dismissing the action as moot and (2) an order pursuant to 42 U.S.C. § 1988 awarding attorney's fees to plaintiffs as the prevailing party. Defendants do not oppose the application to dismiss the action as moot but they do oppose any award of attorney's fees.

### Background

In 1995 the New York Legislature enacted Chapter 81, § 75 of the laws of 1995 (hereinafter " § 75") which amended § 365–a of the New York Social Services Law. This amendment precluded direct payments of Medicaid funds to all physicians, including consulting physicians and specialists, providing hospital emergency room and outpatient clinic services. In their complaint, the plaintiffs alleged that they were obligated by state and federal law to provide treatment to all persons who present themselves for treatment at an emergency room. On September 29, 1995 plaintiffs commenced the instant action seeking a judgment permanently enjoining the implementation of § 75.

A similar action had previously been commenced in the Southern District of New York. *See Healthcare Association of New York State, Inc. v. Wing*, No. 95 CIV 8527 (S.D.N.Y.1995). On October 6, 1995 plaintiffs moved for a temporary restraining order and a preliminary injunction by order to show cause. The court granted a temporary restraining order enjoining the defendants from applying § 75. No hearing was ever held with respect to the application for the preliminary injunction, and the litigation apparently did not proceed any further.

The defendants in the instant action answered the complaint on November 6, 1995. Plaintiff thereafter engaged in discovery proceedings. All depositions of the defendants were completed on January 7, 1997.

On April 12, 1996 Governor Pataki signed into law Chapter 47 of the Laws of 1996 which repealed § 75 and restored full reimbursement for physician services delivered in a hospital emergency room. *See* Sabo Aff., Ex. 10.

Plaintiffs contend that the instant litigation was a catalyst for the enactment of this legislation. Plaintiffs therefore argue that they are prevailing parties under 42 U.S.C. § 1988 and are thus entitled to an award for the attorney's fees and costs they expended during the pendency of the suit. Defendants contend that the plaintiffs have not demonstrated that the instant litigation was a catalyst for the action by the legislature. Alternatively, defendants argue that the amount of attorney's fees sought is excessive.

### Discussion

■ "Title 42 U.S.C. § 1988 provides, in pertinent part, that the court in its discretion may allow a 'prevailing party' in a section 1983 action to recover reasonable attorney's fees." *Koster v. Perales*, 903 F.2d 131, 134 (2d Cir.1990). However, before addressing the issue of whether the plaintiffs herein are "prevailing parties" under the statute, it appears necessary to consider what effect the acknowledged mootness of the underlying action has upon the present application. To the extent the parties have overlooked the point, the Court raises it *sua sponte*. *Ross v. Albany Medical Center*, 916 F.Supp. 196, 203 (N.D.N.Y.1996)(Scullin, J.).

■ Article III of the Constitution requires that there be an actual live case or controversy before a federal court can act. *Burke v. Barnes*, 479 U.S. 361, 363, 107 S.Ct. 734, 736, 93 L.Ed.2d 732 (1987). Ordinarily, if an action becomes moot during its pendency, it must be dismissed for lack of subject matter jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct.

1249, 1253, 108 L.Ed.2d 400 (1990). Thus, as the parties acknowledge, if the repeal of § 75 has rendered the instant action moot it would be subject to dismissal for lack of subject matter jurisdiction. In their complaint, the plaintiffs sought no relief other than a permanent injunction barring the application of § 75 and attorney's fees if they prevailed. Since § 75 has been repealed out of existence, there is nothing left to enjoin and the Court thus concurs that the action is moot.[1]

■ When a district court lacks "subject matter jurisdiction to proceed with the substantive claim, as a matter of law '[t]hat lack of jurisdiction bar[s] an award of attorneys fees under section 1988.'" *W.G. v. Senatore,* 18 F.3d 60, 64 (2d Cir.1994)(quoting *Keene Corp. v. Cass,* 908 F.2d 293, 298 (8th Cir. 1990)). That is because "fee shifting provisions cannot themselves confer subject matter jurisdiction." *Id.* This rule has been applied to bar an award where an action was moot at the time of filing. *See Randolph Union High Sch. Dist. No. 2 v. Byard,* 897 F.Supp. 174, 176 (D.Vt.1995)(denying application for attorney's fees in action where "dispute was moot when it was filed"). In cases involving intervening mootness (such as the instant case), a district court may still award attorney's fees under § 1988. *Haley v. Pataki,* 106 F.3d 478, 483 (2d Cir.1997). "Mootness is not determinative as to the propriety of an award of attorney's fees." *LaRouche v. Kezer,* 20 F.3d 68, 75 (2d Cir.1994).

■■ The question for the Court therefore remains whether the plaintiffs herein are a "prevailing party" under § 1988. In cases involving a moot claim, the court must consider (1) whether the plaintiff has obtained any interim judicial relief; and (2) whether this relief was granted after a determination on the merits. *Haley,* 106 F.3d at 483. No award should be granted if it is not "clear that the district court has had the opportunity to render a ruling on the merits

of the claim." *Id.* at 484. Thus, if the court grants a preliminary injunction after taking up the merits of the claim, a party can be said to have prevailed. *Id.* Conversely, a plaintiff who merely obtains a temporary restraining order cannot be considered a "prevailing party" under § 1988 because the proceeding does not require any inquiry into the merits. *Id.*

■ The plaintiffs have urged that they are a "prevailing party" under § 1988 because (1) victory was assured in the litigation; (2) they received the relief they sought through the repeal of § 75; and (3) the instant litigation was a "catalyst" for the legislative action that resulted in the repeal of § 75.

■ Under the catalyst doctrine, "a plaintiff may recover attorneys' fees if the litigation 'produces voluntary action by the defendant that affords the plaintiff all or some of the relief that he sought through a judgment.'" *Ass'n for Retarded Citizens v. Thorne,* 68 F.3d 547, 551 (2d Cir.1995)(quoting *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987)). In any event, before an award can be made on this theory, the plaintiff is still required to "'obtain an enforceable judgment against the defendant from whom fees are sought ... or comparable relief through a consent decree or settlement.'" *Id.* at 552 (quoting *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 573, 121 L.Ed.2d 494, (1992)). There must be an "alteration of the legal relationships between plaintiffs and [defendants]." *Id.*

Of course, at no time during the instant litigation did the plaintiffs ever obtain any type of judicial ruling or otherwise obtain interim injunctive relief. Indeed, the Court was never called upon to decide any issue that could be considered a "ruling on the merits of the claim."[2] *Haley,* 106 F.3d at 484. "A party prevails 'when he establishes a legal *entitlement* to what he seeks, not

---

**1.** The parties do not argue, and it does not appear from the record, that there is a likelihood that New York will reenact the repealed measure. Thus, it does not appear that any exception to the mootness doctrine would apply. *See City of Mesquite v. Aladdin's Castle,* 455 U.S. 283, 289, 102 S.Ct. 1070, 1074–75. 71 L.Ed.2d 152 (1982)(holding that action was not moot because

municipality was likely to reenact challenged ordinance).

**2.** Even the Southern District litigation only resulted in the entry of a TRO prior to the repeal of § 75.

when what he seeks is actually delivered.'" *LaRouche,* 20 F.3d at 75 (quoting *Coalition for Basic Human Needs v. King,* 691 F.2d 597, 601 (1st Cir.1982))(emphasis in original). The plaintiffs here did not by this litigation establish their legal entitlement to anything. Nor was a consent decree ever entered by the parties. The suit was, in fact, the subject of active discovery proceedings at the time of the repeal of § 75. Dispositive motions were still in the planning stages. Thus, when the action became moot, it is clear that the district court had not had the opportunity to rule on the merits of plaintiffs' claim and there had been no change in the parties' legal relationships. Therefore, plaintiffs are not entitled to "prevailing party" status under the statute. *Haley,* 106 F.3d at 484.

■ It is acknowledged, however, that the repeal of the § 75 accomplished the goal of the plaintiffs' litigation. But even assuming that victory in the plaintiffs' litigation was assured and that a catalyst theory could be applied in this case (and that is not at all clear), the record still fails to support a finding of a causal connection between the instant litigation and the passage of Chapter 47 of the Laws of 1996. The record does establish that the repeal of § 75 was the subject of a lobbying campaign and that some legislators were notified that the instant litigation was pending. Also, as plaintiffs' counsel notes, the Governor of New York State was a named defendant in the suit. However, all of this does not persuade the Court that this litigation was a "'catalytic, necessary, or substantial factor'" in causing New York's legislative machinery to mint another law. *New York State Association of Career Schools v. Educ. Dept.,* 762 F.Supp. 1124, 1126 (S.D.N.Y.1991)(quoting *Gerena–Valentin v. Koch,* 739 F.2d 755, 758–59 (2d Cir.1984)). Notably, the Governor's memorandum approving the bill omits any mention of pending litigation in describing the purpose of the legislation. *See* Sabo Aff., Ex. 10. The balance of the record is similarly devoid of any evidence which suggests that the legislature acted in response to the litigation. Admittedly, such evidence may be difficult to secure, but that fact does not relieve a party from the burden of obtaining it. *See id.* at 1127 ("valid evidence of such motivation is precisely the type of showing that would permit this Court to make an award of attorney's fees pursuant to § 1988").

### Conclusion

For the foregoing reasons, it is hereby

ORDERED that the plaintiffs' motion to dismiss the above-entitled action as moot is GRANTED and the complaint is DISMISSED in its entirety; and it is further

ORDERED that plaintiffs' motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988 is DENIED; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.