**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EVER MIGUEL JURADO-LARA,

Defendant-Appellant.

No. 07-3271
(D.C. No. 05-CR-10213-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Ever Miguel Jurado-Lara, a citizen of the Republic of Mexico, appeals from

the sentence imposed for crimes relating to his use of false information and false

documents to obtain employment in the United States. Although Mr. Jurado-Lara

was removed from the United States during his period of supervised release and

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

after completion of his 16-month term of imprisonment, we conclude that we have jurisdiction over his appeal. We affirm.

I.

To obtain employment in the United States, Mr. Jurado-Lara used the name and social-security number of Michael Soto, a United States citizen. Beginning in early 2000, he presented a series of employers with photo-ID cards with Mr. Jurado-Lara's picture, but Mr. Soto's name and social-security number. In January 2004, Mr. Jurado-Lara married Melissa Macias, a United States citizen. Through his wife's petition for alien relative, he received a social-security card and an employment-authorization card valid from June 2004.

Mr. Jurado-Lara then procured work under his own name and, in 2005, he applied for permanent-resident status in his own name. In February 2007, his wife received a notice of approval of the relative-immigration-visa petition she filed on his behalf. The same month, however, he was taken into custody based on criminal charges arising from his earlier use of Mr. Soto's identity.

A jury found Mr. Jurado-Lara guilty of two counts of possession of false documents in violation of 18 U.S.C. § 1546(a), two counts of making false statements in violation of 18 U.S.C. § 1001(a)(3), and five counts of misuse of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). A prepared Presentence Investigation Report (PIR) stated that the applicable sentencing guideline, U.S.S.G. § 2B1.1, established a base offense level of six and increased

the minimum offense level to 12 because Mr. Jurado-Lara's offenses "involved . . . the unauthorized . . . use of any means of identification unlawfully to produce or obtain . . . other means of identification." *Id.* § 2B1.1(b)(1)(C)(I). The resulting advisory guidelines range was a prison term of 10 to 16 months. Overruling Mr. Jurado-Lara's objections to the PIR, the district court sentenced him to a term of 16 months, followed by two years of supervised release.

Mr. Jurado-Lara filed a timely notice of appeal challenging his sentence– specifically the six-level enhancement of his offense level. During the pendency of the appeal, he completed his sentence and was removed to Mexico.

II.

Before we can address the merits of Mr. Jurado-Lara's arguments we must determine if his deportation moots his case and deprives this court of jurisdiction. When "intervening acts destroy a party's legally cognizable interest" in the lawsuit, the federal courts no longer have jurisdiction to decide a matter. *Moongate Water Co. v. Dona Ana Mut. Domestic Water Consumers Ass'n*, 420 F.3d 1082, 1088 (10th Cir. 2005) (quotation omitted). In particular, when a defendant completes the appealed sentence before an appellate court reaches a decision, "the court must determine whether sufficient collateral consequences flow from the underlying judgment and the completed sentence to save the appeal from mootness." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). A "collateral consequence" of the conviction means "some concrete and continuing

injury other than the now-ended incarceration." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

The government argues that Mr. Jurado-Lara's case is controlled by the holding of *United States v. Vera-Flores*, 496 F.3d 1177 (10th Cir. 2007). In *Vera-Flores,* we dealt with a defendant who, like Mr. Jurado-Lara, had been deported following his term of incarceration but prior to the expiration of his term of supervised release. Although the defendant was legally subject to a one-year term of supervised release, his deportation "eliminated all practical consequences associated with serving a term of supervised release." *Id.* at 1181. Thus, the removal "rendered [the defendant's] appeal moot because he had no "actual injury likely to be redressed by a favorable judicial decision." *Id.* at 1181-82.

The only collateral consequence asserted by Vera-Flores was that if he obtained "permission to apply for lawful reentry during the pendency of his . . . supervised release and were he actually admitted during that time period, he would be forced to serve out the remainder of his supervised release term." *Id.* at 1182. This hypothetical scenario was too "remote" and "speculative" to save his appeal from mootness. *Id.* (internal quotation marks omitted). Therefore, we dismissed the case for lack of jurisdiction.

In contrast, Mr. Jurado-Lara asserts collateral consequences with regard to the immigration laws. An actual sentence of 12 months or greater makes his conviction under 18 U.S.C. § 1546 an "aggravated felony" for immigration

purposes, 8 U.S.C. § 1101(a)(43)(P); a noncitizen convicted of an aggravated felony is permanently inadmissible, 8 U.S.C. § 1182(a)(9)(A)(ii)(II). If this court determined, however, that the application of the six-level enhancement was erroneous, the upper end of the corrected advisory guideline range would be under 12 months. As a result, Mr. Jurado-Lara would not have an aggravated-felony conviction and would not be subject to the statutory bar.

We conclude that Mr. Jurado-Lara met his burden of demonstrating "collateral consequences adequate to meet Article III's injury-in-fact requirement." *Spencer,* 523 U.S. at 14. His appeal is not moot because the asserted collateral consequences from the judgment give Mr. Jurado-Lara "a substantial stake" in the outcome of the case. *See Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (internal quotation marks omitted).

Furthermore, we decline to adopt a blanket rule that a "deported defendant's inability to appear in court for resentencing pursuant to Federal Rule of Criminal Procedure 43 preclude[s] the court from affording relief." *Vera-Flores*, 496 F.3d at 1182 n.4 (discussing the holding of *United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 (5th Cir. 2007)), *cert. denied*, 128 S. Ct. 1216 (2008). Rule 43 provides that a defendant's presence is required at sentencing. And "a defendant has a due process right to be present at a proceeding whenever . . . a fair and just hearing would be thwarted by his absence." *United States v. Gagnon*, 470 U.S. 522, 526 (1985)

(internal quotation omitted). The rights afforded by Rule 43 and due process, however, can be waived with the express or implied consent of the accused. *See id.* at 526-28; Fed. R. Crim. P. 43(c). Mr. Jurado-Lara's continued pursuit of his appeal may be considered an implied waiver of the right to be present at a potential resentencing hearing. *See United States v. Nelson*, 450 F.3d 1201, 1211 (10th Cir. 2006) ("[A]n express statement of waiver by the defendant is not required; instead, waiver can be inferred from the defendant's actions and words.") (quotation omitted).

In sum, dismissal is not the appropriate resolution of Mr. Jurado-Lara's appeal. We therefore proceed to analyze the merits of his argument.

III.

Mr. Jurado-Lara asserts that the district court improperly enhanced his sentence under U.S.S.G. § 2B1.1(b)(10)(C)(I) because the government failed to prove that he used Mr. Soto's identifying information without Mr. Soto's authorization. *See United States v. Williams*, 374 F.3d 941, 947 (10th Cir. 2004) (stating government bears burden of establishing sentence enhancements). Pursuant to U.S.S.G. § 2B1.1(b)(10)(C)(I), the government was required to show that Mr. Jurado-Lara engaged in "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." The "means of identification" must "be of

an actual (i.e. not fictitious) individual," § 2B1.1 cmt. n.9(A), used "without that individual's authorization," *id.* cmt. n.9(C)(I).

The record does lack direct evidence of Mr. Soto's permission to allow the illegal use of his name and assigned social security number, and there is no specific finding by the court on this aspect of the enhancement. However. the objection offered by the defense was general in nature. Neither in counsel's written objection to the PIR nor in his oral argument at the sentencing hearing was there any mention of the authorization issue. Certainly, there was nothing in the objection itself which would call the court's attention to the precise point raised on appeal.

We have previously "highlight[ed] the need for a party to raise specific objections before the district court." *United States v. Smith*, No. 07-6206, 2008 WL 2699388, at *8 (10th Cir. July 11, 2008). If a defendant raises a specific objection to an enhancement, then the district court is given the opportunity to "hear[] evidence and ma[k]e findings regarding the factual question at issue." *Id.* Although "'we have reviewed sentencing errors that were not raised in the district court under a plain error standard, plain error review is not appropriate when the alleged error involves the resolution of factual disputes.'" *Id.* (quoting *United States v. Easter*, 981 F.2d 1549, 155-56 (10th Cir. 1992)). In accordance with our established precedent, we will not review Mr. Jurado-Lara's objection to the enhancement.

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge