FILED
United States Court of Appeals
Tenth Circuit

July 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

IGNACIO IJOM-BRITO,

      Defendant-Appellant.

No. 13-5003

(D.C. No. 4:12-CR-00030-JHP-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.[**]

_____

Defendant Ignacio Ijom-Brito pleaded guilty to one count of bringing in and harboring aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(B)(i). The presentence report (PSR) assigned a total offense level of 12 after a six-level increase for involuntary detention by coercion or threat, a four-level decrease for being a minimal participant, and a two-level decrease for acceptance of responsibility. See U.S.S.G. §§ 2L1.1; 2L1.1(b)(8)(A); 3B1.2(a); 3E1.1(a) (2012). Defendant's criminal history was

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Category I, yielding a guideline range of 10–16 months. See U.S.S.G. §5A (2012). The Government moved for a one-level downward departure pursuant to Guidelines Section 5K1.1 because of Defendant's substantial assistance, which resulted in a total offense level of 11 and a corresponding guideline range of 8–14 months. The court sentenced Defendant to 14 months' imprisonment.

After filing a timely notice of appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved to withdraw as counsel. Counsel identified nothing within the appellate or district court records that could arguably support a reversal of either the conviction or the sentence. Under Anders, "a copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses." Id. at 744. Because immigration authorities removed Defendant to Guatemala upon completion of his custodial term, he has not filed a response. Agreeing with defense counsel's conclusion that no non-frivolous issues supported Defendant's appeal, the Government did not file an answer. For the reasons that follow, we dismiss the appeal and grant counsel's motion to withdraw.

I.

Anders allows an attorney who, upon a conscientious review of the record finds an appeal to be wholly frivolous, to advise the court of this fact and petition to withdraw as counsel. See Anders, 386 U.S. at 744. "The Constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client . . . ." Id. Accordingly, a motion to withdraw pursuant to Anders must be accompanied by a brief referring to anything in the record that might

arguably support the appeal.  Id.  When an Anders brief is filed, the court of appeals must engage in an independent analysis of the record to satisfy itself of two things.  First, it must "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal.  Second, it must determine whether counsel has correctly concluded that the appeal is frivolous."  McCoy v. Ct. App. Wis. Dist. 1, 486 U.S. 429, 442 (1988).  If the court concludes the appeal is wholly frivolous, it may grant counsel's motion to withdraw and dismiss the appeal.  United States v. Calderon 428 F.3d 928, 930 (10th Cir. 2005).  Because neither Defendant's notice of appeal or brief specify whether he appeals his conviction or his sentence, we will address both.

II.

We turn first to Defendant's conviction.  Defendant was convicted upon entering a guilty plea.  To comport with constitutional requirements, a defendant's guilty plea must be both knowing and voluntary.  McCarthy v. United States, 394 U.S. 459, 466, (1969).  "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."  Id.  Federal Rule of Criminal Procedure 11 is designed to assist the district judge in ensuring that a guilty plea is "knowing and voluntary."  See Fed. R. Crim. P. 11.  Although district courts are required to comply with the procedures set forth in Rule 11, "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded as harmless error."  Fed. R. Crim. P. 11(h); United States v. Gigot, 147 F.3d 1193, 1197 (10th Cir. 1998).  "The issue of whether a

district court has substantially complied with rule 11, including an analysis under subsection 11(h), before accepting a guilty plea, is a question of law subject to review de novo." United States v. Vaughn, 7 F.3d 1533, 1535 (10th Cir. 1993); see also United States v. Browning, 61 F.3d 752, 753 (10th Cir.1995). An analysis under subsection 11(h) requires that "[w]e review either for harmless or plain error, depending on whether defense counsel objected to the validity of the plea at the district court level." United States v. Vidal, 561 F.3d 1113, 1118 (10th Cir. 2009) (citing United States v. Vonn, 535 U.S. 55, 59 (2002)).

Defendant did not move to withdraw his guilty plea or otherwise object to any alleged error during his plea hearing. Thus, we review for plain error. At Defendant's Rule 11 plea colloquy, the magistrate judge properly advised and questioned him in accordance with the rule's requirements. Id. The record shows that Defendant understood his rights, the nature of the charge to which he was pleading, the maximum possible penalty, and the terms of his plea agreement. See Fed. R. Crim P. 11. Nothing supports the contention that his decision to plead guilty was involuntary. Accordingly, we find no grounds for reversing Defendant's conviction.

Counsel points out the district court failed to inform Defendant that the sentencing court would "calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a) . . . ." See Fed. R. Crim. P. 11(b)(1)(M). However, the plea agreement informed Defendant of these aspects of his plea. Accordingly, as appellate counsel correctly points out, the district court's omission does not allow for a withdrawal

- 4 -

of the plea under plain error standards. We have previously held that where the defendant "receives the information omitted by the district court from other sources [he] generally cannot demonstrate that he would not have pleaded guilty had the court so informed him." United States v. Ferrel, 603 F.3d 758, 763-64 (10th Cir. 2010). See also, Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) ("[T]he constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.").

## III.

Turning to Defendant's sentence, we confront a jurisdictional problem. Defendant has completed his custodial sentence and been removed to Guatemala. "[W]hen the injury for which an appellant seeks judicial relief disappears or is resolved extrajudicially prior to the appellate court's decision, the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot." United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000), citing Burke v. Barnes, 479 U.S. 361, 363 (1987). Once the defendant has served his sentence, no direct injury can be redressed through judicial action. "[S]ome concrete and continuing injury other than the now-ended incarceration . . . must exist if the suit is to be maintained." See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Thus, unless Defendant can point to some collateral consequence attributable to his sentence the issue is moot on appeal.

Counsel has not identified, and this court has been unable to find, any collateral consequences that can be effectively redressed through judicial action. Defendant's

offense of bringing in and harboring aliens is an aggravated felony.   See 8 U.S.C. § 1101(a)(43)(N).  An alien convicted of an aggravated felony is permanently inadmissible into the United States.  See 8 U.S.C. § 1182(a)(9)(A)(ii)(II).

In United States v. Jurado-Lara, 287 F. App'x 704, 707 (10th Cir. 2008) (unpublished), we held a sentencing appeal was not moot where the defendant's sentence was classified as an aggravated felony based on the length of the sentence imposed.  See 8 U.S.C. § 1101(a)(43)(P) (defining as an aggravated felony fraud offenses "for which the term of imprisonment is at least 12 months").  We reasoned that we could afford the defendant relief because if "the application of [a] six-level enhancement was erroneous, the upper end of the corrected advisory guideline range would be under 12 months" and he would not be subject to the aggravated-felony conviction rendering him permanently inadmissible.   Jurado-Lara, 287 F. App'x at 707.   Here, however, defendant's classification as an aggravated felon is dependent upon the nature of his crime rather than the length of his sentence.  See 8 U.S.C. § 1101(a)(43)(N) (defining a violation of  8 U.S.C. § 1324(a)(1)(A) or (2) as an aggravated felony except for a first offense involving the defendant's family members).  Thus, a favorable decision regarding his sentence would not change Defendant's conviction for an aggravated felony or his inadmissibility pursuant to 8 U.S.C. § 1182(a)(9)(A)(ii)(II).  Consequently, we find the sentencing issue moot on appeal.

We DISMISS the appeal and GRANT counsel's motion to withdraw from representation.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge