# BURKE, ACTING ARCHIVIST OF THE UNITED STATES, ET AL. *v.* BARNES ET AL.

No. 85–781.   Argued November 4, 1986—Decided January 14, 1987

REHNQUIST, C. J., delivered the opinion of the Court, in which BRENNAN, MARSHALL, BLACKMUN, POWELL, and O'CONNOR, JJ., joined. STEVENS, J., filed a dissenting opinion, in which WHITE, J., joined, *post,* p. 365.   SCALIA, J., took no part in the consideration or decision of the case.

*Assistant Attorney General Willard* argued the cause for petitioners.   With him on the briefs were *Solicitor General Fried, Deputy Solicitor General Kuhl, Edwin S. Kneedler,* and *William Kanter.*

*Morgan J. Frankel* argued the cause for respondents. With him on the brief for respondents Barnes et al. were *Michael Davidson, Edward M. Kennedy,* and *Michael Ratner. Steven R. Ross, Charles Tiefer,* and *Michael L. Murray* filed a brief for respondents Speaker of the United States House of Representatives et al.*

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

Both the House of Representatives and the Senate passed a bill, H. R. 4042, 98th Cong., 1st Sess. (1983), conditioning the continuance of United States military aid to El Salvador upon the President's semiannual certification of El Salvador's progress in protecting human rights. The President neither signed the bill nor returned it to the House of Representatives where it had originated, and took the position that because Congress had in the meantime adjourned at the end of its first session the bill had been subjected to a "pocket veto" under Article I, § 7, cl. 2, of the United States Constitution. Respondents-plaintiffs in this action are 33 individual Members of the House of Representatives who filed suit in the District Court challenging the action of the President in seeking to "pocket-veto" the bill in question. The Senate and the Speaker and Bipartisan Leadership Group of the House of Representatives intervened in support of the plaintiffs and are also respondents here. The District Court granted summary judgment in favor of petitioners-defendants, *Barnes* v. *Carmen,* 582 F. Supp. 163 (DC 1984), but a divided Court of Appeals reversed. *Barnes* v. *Kline,* 245 U. S. App. D. C. 1, 759 F. 2d 21 (1984). The majority concluded that respondents had standing to maintain this action, and that the bill had become a law notwithstanding the President's effort to "pocket-veto" it. The dissenting judge took the view that respondents did not have stand-

---

*David C. Vladeck* and *Alan B. Morrison* filed a brief for Senator John Melcher et al. as *amici curiae.*

ing to maintain the action. Petitioners Frank G. Burke, Acting Archivist of the United States, and Ronald Geisler, Executive Clerk of the White House, contend in this Court that (a) respondents lacked standing to maintain the action, (b) the Court of Appeals was incorrect in construing the "Pocket Veto" Clause of the Constitution as it did, and (c) the case is moot. We agree with this final contention of petitioners, and hold that the case is moot. We therefore do not reach either of the other contentions of petitioners.

The bill in question expired by its own terms on September 30, 1984, a few weeks after the Court of Appeals entered its judgment. Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment we are reviewing. *Sosna* v. *Iowa*, 419 U. S. 393, 402 (1975); *Golden* v. *Zwickler*, 394 U. S. 103, 108 (1969). We therefore analyze this case as if respondents had originally sought to litigate the validity of a statute which by its terms had already expired. In *Diffenderfer* v. *Central Baptist Church of Miami, Florida, Inc.*, 404 U. S. 412 (1972) *(per curiam)*, we stated:

> "The only relief sought in the complaint was a declaratory judgment that the now repealed Fla. Stat. § 192.06 (4) is unconstitutional as applied to a church parking lot used for commercial purposes and an injunction against its application to said lot. This relief is, of course, inappropriate now that the statute has been repealed." *Id.*, at 414–415.

We see no reason to treat a challenge to the validity of a statute that has expired any differently from a challenge to the validity of a statute that has been repealed, and accordingly hold that any issues concerning whether H. R. 4042 became a law were mooted when that bill expired by its own terms. The failure of the bill to have any present effect does not depend on any decision as to whether the President's action was

a "pocket veto"; the bill by its own terms became a dead letter on September 30, 1984, regardless of whether it had previously been enacted into law or not. See also *Hall* v. *Beals*, 396 U. S. 45, 48 (1969) *(per curiam)*.

Respondents contend that other issues in the case keep it from being moot. They first assert that there remains a live controversy over the failure of petitioner Burke to publish H. R. 4042 in the Statutes at Large as a duly enacted law, in accordance with the provisions of 1 U. S. C. §§ 106a and 112 (1982 ed., Supp. III). This inaction, respondents cryptically claim, caused the "nullification of their lawmaking processes." Brief for Respondents Speaker and Bipartisan Leadership Group 50. We fail to see how any interest in the "lawmaking process" that might be served by the publication of duly enacted statutes can survive the life of the statutes themselves.*

Respondents also claim that funds expended on military aid without the certification required by H. R. 4042 might at some future date be subject to recovery under the provisions of 31 U. S. C. §§ 1341, 1349–1351, 3521. These laws relate to the auditing and account settlement of Government expenditures by the Comptroller General. But we think that this argument likewise fails to show that there is a live controversy here. There is no indication of a presently existing dispute as to the accounting obligations, and if such a dispute were to arise it would not be between the parties to this case. "[S]uch speculative contingencies afford no basis for our passing on the substantive issues [respondents] would have us de-

---

*We reject respondents' argument that the questions of mootness and standing are necessarily intertwined. We can assume, *arguendo*, that a House of Congress suffers a judicially cognizable injury when the votes it has cast to pass an otherwise live statute have been nullified by action on the part of the Executive Branch. But this injury in "the nullification of [Congress'] lawmaking processes," Brief for Respondents Speaker and Bipartisan Leadership Group 50, no longer exists when the claimed statute has ceased to be effective by its own terms.

cide with respect to the" now-expired provisions of H. R. 4042. *Hall* v. *Beals, supra,* at 49–50.

The judgment of the Court of Appeals is therefore vacated, and the case is remanded to that court with instructions to remand the case to the District Court with instructions to dismiss the complaint. *United States* v. *Munsingwear, Inc.,* 340 U. S. 36, 39 (1950).

*It is so ordered.*

JUSTICE SCALIA took no part in the consideration or decision of this case.

JUSTICE STEVENS, with whom JUSTICE WHITE joins, dissenting.

In my opinion this case is not moot. The United States Senate and the Bipartisan Leadership Group of the House of Representatives retain the same sort of interest in obtaining a ruling on the merits as they did prior to September 30, 1984. Prior to that date H. R. 4042, 98th Cong., 1st Sess. (1983), was either a "dead letter" because it had been killed by a valid pocket veto, or it was a valid law because the President's attempt to veto it was ineffective. If H. R. 4042 was a valid law, petitioners had a duty to publish it in the Statutes at Large of the United States; the Executive had a duty to discontinue military aid to El Salvador during the period between January 16, 1983, and September 30, 1984, unless the President could certify that El Salvador was progressing in protecting human rights; the Secretary of State had a duty to report to Congress the amount of any military aid that had been provided during that period in violation of the terms of H. R. 4042; and the Comptroller General had, and according to respondents may still have,* a duty to recover any amounts that were unlawfully allocated.

---

*Respondents argue that a court decision that the pocket veto was invalid might still result in the return of some funds from the official or officials who made disbursements without legal authority. See Brief for

There is, of course, a serious question whether the Senate of the United States and a group of 33 Congressmen have standing to enforce those duties in this litigation. But if we assume—as the Court does, *ante*, at 364, n., and as we should for purposes of analyzing the mootness issue—that the Legislature's interest in protecting its work product from nullification by the Executive would have been sufficient to support standing prior to September 30, 1984, that interest is also sufficient to support standing today. As long as the question whether H. R. 4042 ever became a law continues to have practical significance, Congress retains its interest in ensuring that its enactments are given their proper legal effect.

The congressional interest in finding out whether the Executive has acted illegally in distributing funds to foreign sovereigns surely survives the period during which the prohibition on expenditures was in effect. Arguably that interest should be pursued in congressional committee investigations rather than litigation. But if we assume that the federal courthouse was a proper forum for resolution of the issues tendered by this complaint prior to September 30, 1984, it remains so today. Whatever else may be said about this case, it is not moot.

---

Respondents Barnes and United States Senate 33–36 (discussing 31 U. S. C. § 1341(a)(1); 31 U. S. C. §§ 3523–3525).