66 F.3d 1064
 95 Cal. Daily Op. Serv. 7463, 95 Daily Journal
D.A.R. 12,799
Maria O'NEAL, Plaintiff-Appellee,
v.
CITY OF SEATTLE; Norman Rice, Mayor of the City of Seattle;
Robert Groncznack, Director of the Seattle Water
Department, Defendants-Appellants.
 Nos. 94-35984, 95-35100.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 25, 1995.
Decided Sept. 25, 1995.
 
 Brian Faller, Assistant City Attorney, Seattle, WA, for defendants-appellants.
 Janet M. Helson and David B. Girard, Evergreen Legal Services, Seattle, WA, for plaintiff-appellee.
 Appeals from the United States District Court for the Western District of Washington.
 Before: WRIGHT, BEEZER and HAWKINS, Circuit Judges.
 OPINION
 BEEZER, Circuit Judge:
 
 
 1
 In an action brought pursuant to 42 U.S.C. Sec. 1983, we consider whether the City of Seattle's refusal to provide water service to the new tenant of a residence based on a prior tenant's unpaid water bill is constitutionally permissible.
 
 
 2
 The City of Seattle (the "City") appeals the district court's grant of partial summary judgment in favor of Maria O'Neal and the issuance of a permanent injunction. The City also challenges the district court's order awarding attorney fees to O'Neal. We have jurisdiction and affirm in part, reverse in part and remand.
 
 
 3
 * Maria O'Neal rented a single family residence located in the City of Seattle. The former tenants failed to pay their water bill. The City, in compliance with its notification procedures, shut off the water at the premises. After the City terminated water service, however, water was illegally restored to the premises by someone other than O'Neal and without her knowledge. When O'Neal occupied the premises, water was available.
 
 
 4
 After moving into the premises, O'Neal called the City to request that a new water account be opened in her name. A representative of the water department informed O'Neal that the account could not be opened until the outstanding balance due from the prior tenant was satisfied, and that the meter would be removed in three days.[1] The City's representative suggested that O'Neal contact the owner to have the bill paid.[2] Because the bill was not paid, the City removed the meter terminating the water supply to the premises.
 
 
 5
 O'Neal brought this action in federal district court seeking injunctive relief and damages. The City agreed to provide temporary water service pendente lite. Four days after O'Neal brought the action, the property owner paid the outstanding balance for the utility charges.
 
 
 6
 The district court denied O'Neal's request for class certification but granted partial summary judgment to O'Neal finding the City had violated her equal protection and due process rights. The district court also issued a permanent injunction preventing the City from terminating water service based on a prior tenant's unpaid account. After the parties entered a stipulation as to damages, the district court entered final judgment in favor of O'Neal. The district court awarded attorney's fees and costs to O'Neal in the amount of $38,807.25.
 
 II
 
 7
 Whether a district court possesses the authority or power to issue an injunction is a question of law reviewed de novo. Continental Airlines v. Intra Brokers, 24 F.3d 1099, 1102 (9th Cir.1994). We first consider whether a justiciable case or controversy existed after O'Neal's landlord paid the outstanding water bill. We recognize that " 'Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case.' " Blair v. Shanahan, 38 F.3d 1514, 1518 (9th Cir.1994) (quoting Burke v. Barnes, 479 U.S. 361, 363, 107 S.Ct. 734, 736, 93 L.Ed.2d 732 (1987)), cert. denied, --- U.S. ----, 115 S.Ct. 1698, 131 L.Ed.2d 561 (1995). Specifically, " '[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).' " Id. at 1519 (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980)). Although O'Neal's claim for damages saves this case from a complete mootness bar, see Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 8, 98 S.Ct. 1554, 1559, 56 L.Ed.2d 30 (1978), we conclude that there was no justiciable case or controversy to support the injunctive relief granted by the district court. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (internal quotation omitted). On remand, we direct the district court to vacate the injunction.
 
 III
 
 8
 We turn to the merits of the action and review de novo the district court's grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The district court concluded that the City's policy of refusing to provide water service to new tenants when there is a balance due for prior water service to the premises violates the new tenant's right to equal protection. The district court based its determination on the fact that the City was classifying new tenants into two groups: (1) those who moved into premises where there was no prior debt owing, and (2) those who moved into premises where there was a prior debt and the debt was not that of the new tenant. The district court concluded that the City's refusal to provide water service until the debt was paid was not rationally related to its purpose of collecting debts and, therefore, gave rise to an equal protection violation.
 
 
 9
 In determining whether the City's policy violates the Equal Protection Clause, we undertake a rational basis review. Jackson Water Works, Inc. v. Public Util. Comm'n, 793 F.2d 1090, 1093 (9th Cir.1986), cert. denied, 479 U.S. 1102, 107 S.Ct. 1334, 94 L.Ed.2d 184 (1987). "When no suspect class is involved and no fundamental right is burdened, we are obligated to apply a rational basis test to determine the legitimacy of the state's classifications." Id. The City's policy affects only economic interests and not fundamental rights. We therefore consider "whether the legislation bears a rational relationship to a legitimate state interest." Id. at 1094. In doing so, we first "determine whether the challenged legislation has a legitimate purpose, [and] [s]econd, assuming a legitimate purpose, we must decide whether the challenged classification promotes that purpose." Id. (citations omitted).
 
 
 10
 The Fifth and Third Circuits have both addressed the inquiry in similar contexts and have come to differing conclusions.
 
 
 11
 In Davis v. Weir, 497 F.2d 139 (5th Cir.1974), the Fifth Circuit rejected, on equal protection grounds, the water district's refusal to provide water service based on the financial obligations of third parties. In Davis, the city terminated the water service of a tenant based on the landlord's refusal to pay the water bill. When the tenant sought to reinstate the water service by opening a new account in his name, the city refused to do so until the prior debt of the landlord was satisfied. Ultimately certifying a class of consumers of water who have not yet contracted with the city in their own name, the Davis court concluded that the classification was not rationally related to a legitimate government interest. Davis, 497 F.2d at 145.
 
 
 12
 The Davis court recognized that the Water Department had divided consumers who are applying for water service into two groups: "applicants whose contemplated service address is encumbered with a pre-existing debt (for which they are not liable) and applicants whose residence lacks the stigma of such charges." Id. at 144. Although acknowledging that the city's refusal to provide water service until a debt is satisfied is an effective tool for collection, the court concluded that "[a] collection scheme ... that divorces itself entirely from the reality of legal accountability for the debt involved, is devoid of logical relation to the collection of unpaid water bills from the defaulting debtor." Id. Furthermore, the court determined that "[t]he fact that a third-party may be financially responsible for water service provided under a prior contract is an irrational, unreasonable and quite irrelevant basis upon which to distinguish between otherwise eligible applicants for water service." Id. at 145 (internal quotation marks and citation omitted) (emphasis in original). See also Craft v. Memphis Light, Gas & Water Div., 534 F.2d 684, 689-90 (6th Cir.1976) (following Davis), aff'd on other grounds, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978).
 
 
 13
 Fourteen years later, the Third Circuit, faced with a similar problem, rejected Davis and its restrictive statement of the legislative purpose. Ransom v. Marrazzo, 848 F.2d 398 (3d Cir.1988). The Third Circuit concluded that the city's refusal to provide water services to "non-tenant" occupants because of outstanding charges at the premises incurred prior to their residency was rational.[3] The court rejected Davis, concluding that "[t]he Davis court unnecessarily restricts the characterization of the city's interest as not merely the collection of unpaid rents, but the collection of those rents 'from the defaulting debtor.' " Id. at 413 (quoting Davis, 497 F.2d at 145). The Third Circuit instead concluded that the city's interest in collecting unpaid debt from any source is valid; the court focused on "[w]hether the means it adopts to achieve that end are legitimate." Id. In concluding that the ends were legitimate, the court reasoned, "[a]lthough there may be no logical relation between a classification scheme based on encumbrances on property that ignores personal liability and the narrow goal of collecting debts from debtors, ..., there certainly is a logical relation between such a scheme and the more general goal of collecting debts, period." Id.
 
 
 14
 We reject the Ransom court's technical narrowing of the legislative purpose and agree with the Fifth Circuit's opinion in Davis. The City's stated purpose here is to collect debts from the landlord. Refusing a new tenant water service because of the debt of an unrelated prior tenant is illogical. Davis, 497 F.2d at 145 (city has no valid governmental interest in securing revenue from innocent applicants who are forced to honor the obligations of another or face constructive eviction).
 
 
 15
 Even accepting for the moment Ransom's articulation of the general purpose as "collecting debts, period," the Davis conclusion is still valid. Proclaiming a goal of collecting the debt from anyone willing to pay does not give the City license to pursue payment by refusing water service to an unrelated, unobligated third party, whether that third party be the new tenant or any other stranger to the prior service agreement.
 
 
 16
 Pursuing payment from the prior tenant and the landlord would be rationally related to the City's goal; refusing service to an unobligated new tenant is not. We conclude that the City's refusal to provide service to new tenants who would bear the responsibility for their own water usage is not rationally related to the City's interest in collecting debts for past water usage.[4]
 
 IV
 
 17
 The City also appeals the district court's award of attorney fees for O'Neal's unsuccessful class certification motion. The district court awarded O'Neal $35,702 in attorney's fees pursuant to 42 U.S.C. Sec. 1988. The City argues that $4,715, the amount attributable to the class certification motion, should be disallowed because it was unsuccessful and unrelated to the prevailing claims. The amount of the attorney fees awarded pursuant to section 1988 is reviewed for an abuse of discretion. Jordan v. Multnomah County, 815 F.2d 1258, 1261 (9th Cir.1987). The district court must clearly and concisely explain the grounds of its decision. Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).
 
 
 18
 In determining whether the award of fees for the unsuccessful class certification motion is proper the court must make a two-part inquiry.
 
 
 19
 First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended." If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive.
 
 
 20
 Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir.1986) (quoting Hensley, 461 U.S. at 435, 103 S.Ct. at 1940), cert. denied, 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984). Claims are related where they involve "a common core of facts" or are "based on related legal theories." Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1499 (9th Cir.1995). "[T]he test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury upon which the relief granted is premised." Id. (quoting Thorne, 802 F.2d at 1141).
 
 
 21
 O'Neal was a prevailing party in the district court on all of her claims. Although the issuance of the injunction was improper, O'Neal prevailed on the merits and was properly awarded damages. The class certification motion was not unrelated to O'Neal's claims. She sought to certify the class to prevent the City from refusing water service again in similar situations. The class was denied for lack of numerosity. The motion itself was not a separate claim, but rather a method of pursuing her ultimately successful claims. We conclude that the district court did not abuse its discretion in awarding attorney fees for the class certification motion.[5] On remand, however, the district court is instructed to revisit the amount of attorney's fees awarded in light of the reversal of the injunction. See McGinnis v. Kentucky Fried Chicken, 51 F.3d 805 (9th Cir.1994).
 
 
 22
 Finally, the City argues that the district court failed to deduct $292.50 from the fee award that was an admitted error. Because O'Neal conceded as much at oral argument, on remand the district court is instructed to reduce the fee accordingly.
 
 
 23
 The parties shall bear their own fees and costs for this appeal.
 
 
 24
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 [1]
 The parties disagree as to whether O'Neal told the City during the initial phone call that the water was on at the premises. Although a dispute of fact, its resolution does not affect our decision
 
 
 [2]
 In accordance with the Seattle Municipal Code ("SMC"), the owner remained liable for water service to the premises. The code provides, "[t]he property owner shall have the right to have water bills mailed to a tenant, or agent, but this shall not relieve the property from liability for water charges incurred." SMC Sec. 21.04.260
 
 
 [3]
 In distinguishing Ransom, the district court focused on the footnote contained in the opinion specifically considering the plaintiffs as "non-tenants." The district court concluded that the Third Circuit specifically excluded landlord-tenant relationships from the scope of its opinion and it is therefore not dispositive. Although we agree that the language of the footnote may indicate as such, the court did include non-owner occupants in its discussion. Even more telling, in its discussion of equal protection analysis, the court distinguished Davis and its progeny, the landlord-tenant cases, on their merits. Although the Ransom court may have intended to limit the scope of its opinion, its substantive discussion of the landlord-tenant cases is, at a minimum, instructive. We therefore discuss its analysis without attempting to distinguish the case on landlord-tenant grounds
 
 
 [4]
 The district court also concluded that in refusing to provide water service the City denied O'Neal due process. Because we affirm the district court's conclusions on equal protection grounds, we need not reach the alternative due process argument
 
 
 [5]
 The City also asserts that the district court failed to articulate sound reasons for the fee award. We recently held that a rote recitation of the relevant factors is unnecessary. McGinnis v. Kentucky Fried Chicken, 51 F.3d 805, 809 (9th Cir.1994). The district court's explanation of the fee award is sufficient