*746 DIANA GRIBBON MOTZ, Circuit Judge,
dissenting.
Respectfully, I dissent. Because Whitener’s removal from his committee assignments ended on February 7, 1997, this appeal is now moot. Accordingly, I would dismiss it.
Under Article III of the United States Constitution, federal courts may consider only cases or controversies. See S.E.C. v. Medical Com. for Human Rights, 404 U.S. 403, 407, 92 S.Ct. 577, 579-80, 30 L.Ed.2d 560 (1972) (citing Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347 (1964)). Once an appeal becomes moot — when it no longer presents any “live” issues — we lack jurisdiction over it. Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950-51, 23 L.Ed.2d 491 (1969). It is well-established that “federal courts may not ‘give opinions upon moot questions or abstract propositions.’ ” Calderon v. Moore, — U.S.-,-, 116 S.Ct. 2066, 2067, 135 L.Ed.2d 453 (1996) (quoting Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895)). Nor is it sufficient that there may have been a “live” case or controversy when the case was before the lower court. Burke v. Barnes, 479 U.S. 361, 363, 107 S.Ct. 734, 736, 93 L.Ed.2d 732 (1987) (citing Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)). Here, Whitener sought to enjoin the Board of Supervisors from enforcing a one-year bar on his participation in its standing committees. As that one-year bar expired on February 7, 1997, Whitener no longer has a “live” dispute with the Board that satisfies the case or controversy requirement.
Alejandrino v. Quezon, 271 U.S. 528, 46 S.Ct. 600, 70 L.Ed. 1071 (1926), directly addresses Whitener’s situation. A member of the Philippine Senate, Alejandrino sought mandamus and an injunction against that body after he had been expelled for one year. Ironically, like Whitener, he was accused of angrily confronting another legislator after legislative proceedings and outside the chambers. On appeal, the Supreme Court found the case moot, reasoning:
We do not think that we can consider this question, for the reason that the period of suspension fixed in the resolution has expired, and, so far as we are advised, Alejandrino is now exercising his functions as a member of the Senate. It is therefore in this Court a moot question whether lawfully he could be suspended in the way in which he was.
Alejandrino, 271 U.S. at 532, 46 S.Ct. at 601.
The same conclusion must be reached here. Whitener has already received the redress that he sought, namely, reinstatement to Board standing committees. His suggestion that his appeal is not moot because his new committee assignments differ from those he previously held is meritless in view of the fact that, as Whitener conceded at oral argument, the Board has the ability to reconstitute standing committees on a yearly basis as it chooses.
Similarly, Whitener’s assertion that his appeal should not be found moot because “there exists a reasonable expectation and probability that the violations complained of in this appeal will recur” is no more persuasive. There is absolutely nothing in the record to indicate that the Board will impose another one-year punishment on Whitener; and just as the Supreme Court in Alejandrino chose not to speculate on future bases of jurisdiction, so should we. What Whitener really seems to want is to litigate other, recently *747 occurring, allegedly wrongful conduct by the Board. That course is not open to him here — he cannot on appeal make claims never pled or even existing when this suit was filed and considered by the district court. Moreover, these asserted “new” violations can and will be addressed in ongoing litigation that has been initiated by the Board against Whitener through the Virginia state court system.
Finally, since we lack jurisdiction to consider a moot claim, the fact that'the parties did not address mootness in their initial briefs, but only in making and responding to a motion to dismiss on mootness grounds, does not in any way prevent us from addressing mootness. See Powell, 395 U.S. at 497 n. 9, 89 S.Ct. at 1951 n. 9 (observing that in Alejandrino the parties did not brief mootness).
For all of these reasons, I believe Whitener’s appeal is moot and should be dismissed on that ground.