Edith Schlain WINDSOR, in her capacity as Executor of the Estate of Thea Clara Spyer, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 10 Civ. 8435 (BSJ) (JCF).

United States District Court, S.D. New York.

June 2, 2011.

Roberta Ann Kaplan, Andrew James Ehrlich, Paul, Weiss, Rifkind, Wharton & Garrison LLP, James Dixon Esseks, ACLU, Lesbian and Gay Rights Project, Alexis Brie Karteron, Arthur Nelson Eisenberg, Melissa Goodman, New York Civil Liberties Union, Rose Ann Saxe, American Civil Liberties Union Foundation, New York, NY, for Plaintiff.

Jean Lin, U.S. Dep't of Justice, Civil Division, Washington, DC, for Defendant.

*MEMORANDUM AND ORDER*

JAMES C. FRANCIS IV, United States Magistrate Judge.

Plaintiff Edith Schlain Windsor brings this action challenging the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7. The Biparti-

san Legal Advisory Group of the United States House of Representatives ("BLAG") has filed a motion to intervene as a party defendant pursuant to Rule 24 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

*Background*

Ms. Windsor and Thea Clara Spyer were married in 2007 following a 40–year engagement. (Amended Complaint ("Am. Compl."), ¶¶ 2, 3, 26). In 2009, Ms. Spyer passed away. (Am. Compl., ¶ 51). Although their marriage was recognized by New York State, DOMA prevented the federal government, and, in particular, the Internal Revenue Service ("IRS"), from treating them as a married couple. (Am. Compl., ¶¶ 42–45, 60–61). As a result, Ms. Spyer's estate was required to pay $363,053 in federal tax that would have been waived by the estate tax marital deduction had the IRS recognized their marriage. (Am. Compl., ¶¶ 62, 72–75, 78). Ms. Windsor, the executor of Ms. Spyer's estate, filed a Claim for Refund with the IRS, seeking return of the $363,053; her request was denied on the ground that DOMA restricts the definition of "spouse" to "a person of the opposite sex."[1] (Am. Compl., ¶¶ 76–77).

Ms. Windsor filed this action on November 9, 2010, arguing that the IRS's refusal to apply the estate tax marital deduction to her wife's estate—and by extension DOMA itself—discriminated against her on the basis of her sexual orientation in violation of the equal protection clause of the Fifth Amendment to the United States Constitution. (Am. Compl., ¶¶ 84–85). The Department of Justice (the "DOJ") appeared on behalf of the defendant, the United States of America, and an amended complaint was filed on February 2, 2011. Soon thereafter, however, the Department of Justice gave notice to the plaintiff and this Court that it would "cease defending the constitutionality" of Section 3 of DOMA because

> the Attorney General and President have concluded: that heightened scrutiny is the appropriate standard of review for classifications based on sexual orientation; [and] that, consistent with that standard, Section 3 of DOMA may not be constitutionally applied to same-sex couples whose marriages are legally recognized under state law . . . .

(Notice to the Court by Defendant United States of America dated Feb. 25, 2011 ("2/25/11 Notice") at 1 & Exh. 1).

The DOJ also notified Representative John A. Boehner, Speaker of the United States House of Representatives (the "House"), of its change in position and expressed its "interest in providing Congress a full and fair opportunity to participate in [this] litigation" while still "remain[ing] parties to the case and continu[ing] to represent the interests of the United States throughout the litigation." (Letter of Eric H. Holder, Jr., dated Feb. 23, 2011, attached as Exh. 2 to 2/25/11 Notice, at 5–6). On March 9, 2011, BLAG decided to seek approval to intervene in this litigation to defend the constitutionality of Section 3 of DOMA. (Memorandum of Points and Authorities in Support of the Unopposed Motion of the Bipartisan Legal Advisory Group of the U.S. House of Representatives to Intervene for a Limited Purpose ("BLAG

---

1. Section 3 of DOMA provides that
   [i]n determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or a wife.
   1 U.S.C. § 7.

Memo.") at 2). Neither the plaintiff nor the DOJ opposes BLAG's intervention; however, the DOJ asks that BLAG's involvement be limited to making substantive arguments in defense of Section 3 of DOMA while the DOJ continues to file all procedural notices. (Defendant's Response to the Motion to Intervene ("DOJ Opp. Memo.")). BLAG does not acquiesce in this request, which it contends would relegate it to the status of amicus curiae. (Reply of the Bipartisan Legal Advisory Group of the U.S. House of Representatives ("BLAG Reply Memo.") at 2, 6–9).

*Discussion*

A. *Intervention*

BLAG seeks intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure, which states in relevant part:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

(1) In General. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute . . . .

■ BLAG first argues that its intervention is appropriate pursuant to subsection (a)(1), or, in the alternative, subsection (b)(1)(A), because it is authorized by 28 U.S.C. § 2403(a). (BLAG Memo. at 4–5). However, that statute only authorizes "the United States to intervene" in an action where "the United States or any agency, officer or employee thereof is *not* a party." 28 U.S.C. § 2403(a) (emphasis added). Here, the United States of America is already a party to the litigation, and thus the statute does not authorize BLAG's intervention, either permissively or as of right.[2]

■ BLAG also seeks to intervene pursuant to subsection (a)(2) of Rule 24 of the Federal Rules of Civil Procedure. (BLAG Reply Memo. at 9 n. 3). Such intervention is appropriate where:

"(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties."

*United States v. New York State Board of Elections*, 312 Fed.Appx. 353, 354 (2d Cir. 2008) (quoting *MasterCard International Inc. v. Visa International Service Association, Inc.*, 471 F.3d 377, 389 (2d Cir.2006)). Although failure to satisfy any of these requirements justifies denial of the motion, courts apply them in a " 'flexible and discretionary' " way, considering " 'all four factors as a whole rather than focusing

---

2. Although there is a statute that contemplates intervention by the Senate in defense of the constitutionality of statutes, *see* 2 U.S.C. §§ 288a–288n, and federal law requires the Attorney General to notify both houses of Congress when it intends not to defend the constitutionality of any statute, *see* 28 U.S.C. § 530D, there is no statute explicitly authorizing intervention by the House (or any subgroup or representative thereof) to defend the constitutionality of a statute.

narrowly on any one of the criteria.'" *Cole Mechanical Corp. v. National Grange Mutual Insurance Co.*, No. 06 Civ. 2875, 2007 WL 2593000, at *2 (S.D.N.Y. Sept. 7, 2007) (quoting *Tachiona ex rel. Tachiona v. Mugabe*, 186 F.Supp.2d 383, 394 (S.D.N.Y.2002) ("*Tachiona I* ")).

■ BLAG has fulfilled all four prerequisites. First, the DOJ does not dispute that this motion is timely, and there is no evidence of delay in its filing. *See id.* at *4 (finding motion to intervene timely absent excessive delay or prejudice to existing parties). Second, BLAG has a cognizable interest in defending the enforceability of statutes the House has passed when the President declines to enforce them. *See Barnes v. Kline*, 759 F.2d 21, 23 n. 3 (D.C.Cir.1985) (noting district court allowed BLAG's intervention pursuant to Rule 24(a)(2) to challenge presidential "pocket veto" of legislation passed by House), *vacated on other grounds sub nom. Burke v. Barnes*, 479 U.S. 361, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987). In recognition of this interest, courts have permitted Congress to intervene as a full party in numerous cases where the Executive Branch declines to enforce a statute that is alleged to be unconstitutional, although they have often neglected to explain their rationale for doing so. *See, e.g., Adolph Coors Co. v. Brady*, 944 F.2d 1543, 1546 (10th Cir.1991); *Lear Siegler, Inc., Energy Products Division v. Lehman*, 893 F.2d 205, 206 (9th Cir.1989); *In re Benny*, 812 F.2d 1133, 1135 (9th Cir.1987); *Ameron, Inc. v. United States Army Corps of Engineers*, 787 F.2d 875, 888 (3d Cir.1986); *Matter of Koerner*, 800 F.2d 1358, 1360 (5th Cir.1986). Third, BLAG may be unable to advance its arguments regarding the constitutionality of Section 3 of DOMA in any forum should it be denied intervention here and should the statute subsequently be declared unconstitutional in the course of this litigation. Finally, BLAG's interests are not currently being adequately represented in this action, particularly in light of the "'minimal'" burden for demonstrating inadequacy of representation. *New York State Board of Elections*, 312 Fed.Appx. at 354 (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir.2001)); *see also Brennan v. New York City Board of Education*, 260 F.3d 123, 132–33 (2d Cir.2001) ("The test [ ] is not whether [the defendant] did well on behalf of [the intervenors] ... but whether the [defendant]'s interests were so similar to those of [the intervenors] that adequacy of representation was assured."). The DOJ has made clear that it will not defend the constitutionality of Section 3 of DOMA in any way, while such a defense is precisely what BLAG wishes to undertake here. Therefore, intervention pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure is justified.

■ The DOJ asks that BLAG be permitted to appear in this action only for the limited purpose of "present[ing] arguments in support of the constitutionality of Section 3" of DOMA, while the DOJ would continue to file all procedural motions, including notices of appeal and petitions for certiorari, that are necessary "to ensure that this Court can consider arguments on both sides of the constitutional issue." (DOJ Opp. Memo. at 2–3). As established above, however, BLAG is entitled to intervene in this action as a party defendant, which enables it to make such procedural motions on its own. *See INS v. Chadha*, 462 U.S. 919, 930 n. 5, 939, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983) (finding House to be "proper petitioner" for certiorari following its intervention to defend constitutionality of statute that executive agency had declined to defend). Furthermore, there is no clear precedent for the DOJ's requested protocol. The DOJ cites two cases to support its contention that "[t]his approach

is consistent with what the [DOJ] has done in prior cases in which the Executive Branch has taken the position that an Act of Congress is unconstitutional but announced its intention to enforce or comply with the law pending a final judicial determination . . . ." (DOJ Opp. Memo. at 2–3). However, in the first of these, the Houses of Congress were plainly also parties to the litigation with authority to petition for review if desired. *Chadha*, 462 U.S. at 930–31 nn. 5, 6, 103 S.Ct. 2764. In the second, a case from 1946, the procedural necessity of the Solicitor General's filing the petition for certiorari review is never discussed or made explicit. *United States v. Lovett*, 328 U.S. 303, 305–07, 106 Ct.Cl. 856, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946). The DOJ continues to represent a party to the present litigation and may certainly file any petitions or appeals that it chooses. However, there is no good precedent for preventing BLAG from intervening as a full party. Therefore, the DOJ's request that BLAG's participation be circumscribed is denied.

### B. *Standing*

■ The DOJ's desire to remain the sole defendant for procedural purposes appears premised on the contention that BLAG does not have standing to intervene in this action as a party "any more than citizens with a generalized grievance would have standing to do so" because "Congress's interest in the constitutional validity of a law does not confer standing." (DOJ Opp. Memo. at 2). This characterization is incorrect. The Second Circuit does not require intervenors to establish independent Article III standing as long as there is an ongoing case or controversy between the existing parties to the litigation. *See United States Postal Service v. Brennan*, 579 F.2d 188, 190 (2d Cir.1978) ("The existence of a case or controversy having been established as between the [named parties], there was no need to impose the standing requirement upon the proposed intervenor."); 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1908 (3d ed. 2007); *see also Chadha*, 462 U.S. at 939, 103 S.Ct. 2764 ("Congress is . . . a proper party to defend the constitutionality of [the challenged statute]."); *Ameron*, 787 F.2d at 888 n. 8 ("However, the parties agree, and we concur, that Congress has standing to intervene whenever the executive declines to defend a statute or, as in this case, actually argues that it is unconstitutional."); *cf. Tachiona v. United States*, 386 F.3d 205, 211 (2d Cir.2004) (requiring intervenor to demonstrate standing where intervention was solely for purpose of appeal and losing party did not join appeal (citing *Diamond v. Charles*, 476 U.S. 54, 68, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986))). Therefore, BLAG has standing to intervene in this litigation to defend the constitutionality of Section 3 of DOMA.

### C. *Pleading Requirements*

■ Rule 24(c) of the Federal Rules of Civil Procedure requires all interveners to submit a pleading setting out "the claim or defense for which intervention is sought." "Where, however, the position of the movant is apparent from other filings and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements." *Tachiona I*, 186 F.Supp.2d at 393 n. 8; *see also Official Committee of Asbestos Claimants of G–I Holding, Inc. v. Heyman*, No. 01 Civ. 8539, 2003 WL 22790916, at *4 (S.D.N.Y. Nov. 25, 2003) (allowing intervenor to adopt "claims already asserted" by plaintiff where no prejudice would be caused to either party).

■ BLAG asks this Court to waive its obligation to file an answer, arguing that its motion to intervene is sufficient to put

the plaintiff on notice of its intent to "defend[ ] Section [3 of DOMA] on equal protection grounds." (BLAG Memo. at 7). The DOJ does not oppose this request. (BLAG Memo. at 7; DOJ Opp. Memo.). Waiver of the pleading requirement is justified here because BLAG's position on the subject matter of the litigation is clearly articulated in its motion papers. Furthermore, the plaintiff appears to have waived the DOJ's obligation to file an answer, and the parties are preparing to make cross-motions for summary judgment. (Revised Scheduling Order dated May 11, 2011). Therefore, BLAG is not required to file an answer at this time.

*Conclusion*

For the reasons set forth above, BLAG's motion to intervene as a party defendant (Docket No. 12) is granted.

SO ORDERED.