13-1507-cv
Nunes v. Wells Fargo Bank, N.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fourteen.

PRESENT:    BARRINGTON D. PARKER,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,

                    *Circuit Judges.*

_____

Panchita J. Nunes,

                    *Plaintiff-Appellant*,

                    v.                                              No. 13-1507-cv

Wells Fargo Bank, N.A.,

                    *Defendant-Appellee.*

_____

APPEARING FOR APPELLANT:        RANDALL S. NEWMAN, Randall S. Newman, P.C., New York, New York.

APPEARING FOR APPELLEE:         ELIZABETH B. PRELOGAR, Hogan Lovells US LLP, Washington, DC (Chava Brandriss, Hogan Lovells US LLP, Washington, DC, Lisa J. Fried, Hogan Lovells US LLP, New York, NY, on the brief).

Appeal from the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the matter is REMANDED to the district court for further proceedings.

Plaintiff-appellant Panchita J. Nunes appeals from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*) granting summary judgment to defendant-appellee Wells Fargo Bank, N.A. ("the Bank"), on her complaint under the Truth in Lending Act ("the Act"), 82 Stat. 146, 15 U.S.C. § 1601 *et seq*.

In her briefing to this Court, Nunes argued that the district court erred in denying her rescission of a mortgage loan extended to her by the Bank's predecessor in interest, on which she had ceased making payments, because of alleged violations of the Act. At oral argument, however, counsel for Nunes disclosed for the first time that he had recently learned from counsel for the Bank that shortly before Nunes's reply brief had been filed, Nunes (without telling counsel) had sold the property and paid off the mortgage in full, such that the mortgage Nunes sought to rescind, and the lien she sought to have lifted, no longer exist. Counsel represented that he had since confirmed that development with his client, and had seen documents reflecting the transaction. Counsel for the Bank agreed that the mortgage had been paid, and stated that she too had seen documents reflecting the transaction. Evidently, neither party saw fit to advise the Court of this development, to provide the Court with the relevant transaction documents, or to brief the effect of the payment of the mortgage on the viability of the case.

As counsel for the Bank pointed out, all of these events long post-date the decision of the district court, and can have no bearing on whether the decision of the district court to grant

2

summary judgment on the record before it was correct. However, the payment of the mortgage raises a serious question as to whether the case is moot, insofar as Nunes seeks to rescind an agreement that has now been fully performed on both sides. Since mootness is a matter that goes to the subject matter jurisdiction of the federal courts in light of the limitation of our jurisdiction to actual cases and controversies, see Burke v. Barnes, 479 U.S. 361, 363 (1987) ("Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment we are reviewing."), the matter must be addressed, notwithstanding that neither party has argued that the case is moot.

We, however, lack an adequate evidentiary basis to address the mootness issue. The alleged payment of the mortgage is not reflected in the record before us. We have only the representations of counsel at oral argument as a basis for knowing whether that event occurred at all. Moreover, to take only one example of a fact that may bear on the question, we have no way of knowing whether the transaction documents contained either a release of the instant claim, or a reservation of rights to pursue it.

Under the circumstances, we think the question of mootness is best addressed in the first instance by the district court, which has the capacity to find the relevant facts. Accordingly, the case is REMANDED to the district court pursuant to United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994), with instructions to consider the effect, if any, of the alleged payment of the mortgage on the case, including but not limited to whether the dispute is now moot. Upon resolution of the issue by the district court, either party may restore the matter to the active

3

docket of this Court by letter, without filing a new notice of appeal. In the event either party does seek further action from this Court, the matter will be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court