[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14014
Non-Argument Calendar
_____

D.C. Docket Nos. 6:14-cv-01556-CEM; 6:13-bkc-10272-CCJ

In re: DUANE WOODMAN,

                                                          Debtor.

_____

DUANE WOODMAN,

                                                          Plaintiff-Appellant,

                              versus

U.S. BANK,

                                                          Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 15, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Duane Woodman appeals *pro se* a judgment dismissing as moot his challenges to a decision that granted U.S. Bank relief from the automatic stay in Woodman's bankruptcy case. We affirm.

After Woodman filed a petition for bankruptcy seeking to protect his leasehold interest in a residence in Florida, U.S. Bank filed a motion for relief from the automatic stay, 11 U.S.C. § 362(d). A year earlier, U.S. Bank had acquired the property from Woodman's lessor, A.M. DeAndrade, in a foreclosure sale. U.S. Bank sought relief from the automatic stay to evict Woodman from the property.

Woodman objected to the motion of U.S. Bank and argued that the foreclosure was fraudulent and that he was a lawful tenant who had an interest in the property under the Protecting Tenants at Foreclosure Act of 2009, Pub. L. No. 111–22, Div. A, Title VII, 123 Stat. 1632, 1660–62 (2009). U.S. Bank responded that it had standing to obtain relief from the automatic stay and that Woodman was not entitled to the protections of the Tenants Act because his lease had not been negotiated in an arms-length transaction and he had not paid fair market rent. U.S. Bank submitted copies of the certificate of title and its notice of eviction. Woodman submitted an affidavit stating that he had been allowed to lease the property for less than the market rate in exchange for making repairs and "other

2

agreements." But the lease agreement provided that Woodman paid $250 in rent, he had to reimburse his lessor for repairs, the lease was subject to a potential foreclosure, and the agreement could not be modified orally. Woodman acknowledged that he had known about the foreclosure and had received notice of the eviction.

After two evidentiary hearings, the bankruptcy court granted the motion of U.S. Bank for relief from the automatic stay. The bankruptcy court ruled that it lacked jurisdiction to review the foreclosure proceedings and that U.S. Bank had standing to move for relief. Woodman was not a bona fide owner entitled to protection under the Tenants Act, the bankruptcy court ruled, because he had paid less than fair market rent and his lease had terminated when the bank foreclosed on the property. Because Woodman was a tenant at sufferance, the bankruptcy court stated, U.S. Bank could terminate the tenancy and evict him from the property. Woodman appealed.

The district court dismissed Woodman's appeal for lack of jurisdiction. The district court dismissed as moot Woodman's challenges to the application of the Tenants Act, the procedures used during the evidentiary hearings, and the evidentiary rulings of the bankruptcy court. The district court mentioned in its opinion that Woodman "[had] not challenged [the] ruling" that the bank had standing to seek relief from the automatic stay. Woodman filed a notice of appeal

3

and a motion for reconsideration, but after the district court denied his motion, Woodman never amended his notice of appeal.

"We review the question of mootness *de novo*." *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1268 (11th Cir. 2006). As the second court of review, we review *de novo* the legal conclusions of the district court. *In re Northlake Foods, Inc.*, 715 F.3d 1251, 1255 (11th Cir. 2013).

The district court lacked jurisdiction to entertain Woodman's appeal. The jurisdiction of the federal courts is limited to actual cases and controversies. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). An action becomes moot when it no longer presents a "live" controversy or when a ruling on the issues would have no practical significance. *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005). Woodman opposed granting U.S. Bank relief from the automatic stay based on the protections given to leaseholders under the Tenants Act, but that statute "terminate[d] on December 31, 2014," Mortgage Reform and Anti-Predatory Lending Act, Pub. L. No. 111-203, § 1484, 124 Stat. 1376, 2204 (2010), while Woodman's appeal was pending in the district court. At that point, as the district court stated, the Tenants Act could "no longer [serve as] a viable defense" for Woodman to avoid eviction. Even if the bankruptcy court had erred, any decision by the district court would not entitle Woodman to relief because on remand he could not claim the protections of the Tenants Act. Because "it is not

4

enough that there may have been a live case or controversy when the case was decided by the court whose judgment" is under review, *Burke*, 479 U.S. at 363, the district court correctly dismissed Woodman's appeal as moot.

We will not consider Woodman's remaining arguments. We lack jurisdiction to consider Woodman's argument about standing because he failed to perfect the issue for appeal. *See Johnson v. Atlanta Gas Light Co.* (*In re Johnson*), 747 F.2d 701, 702 (11th Cir. 1984). After the district court denied Woodman's motion for reconsideration, in which he raised the issue of standing for the first time, he failed to file an amended written notice stating that he intended to appeal the adverse decision. *See* Fed. R. App. P. 6(b)(2)(A)(ii); Fed. R. Bankr. P. 8002(b)(3). And we decline to consider Woodman's arguments about personal jurisdiction and the denial of due process that he raises for the first time on appeal. *See Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1325–26 (11th Cir. 2013); *In re Holywell Corp.*, 874 F.2d 780, 782 (11th Cir. 1989).

We **AFFIRM** the dismissal of Woodman's appeal.