NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>BERNARD ANCHETA CARBONELL,<br><div align="right">Debtor.</div> | BAP No. WW-23-1039-BGC<br><br>Bk. No. 2:22-bk-12081-TWD |
| NEXT LEVEL PROPERTIES, LLC,<br><div align="center">Appellant,</div><br>v.<br>BERNARD ANCHETA CARBONELL,<br><div align="center">Appellee.</div> | **MEMORANDUM**∗ |

Appeal from the United States Bankruptcy Court
for the Western District of Washington
Timothy W. Dore, Bankruptcy Judge, Presiding

Before: BRAND, GAN, and CORBIT, Bankruptcy Judges.

### INTRODUCTION

Appellant, Next Level Properties, LLC ("Next Level"), appeals an order denying its motion for relief from the automatic stay to complete its prepetition purchase of the debtor's residence. Next Level was the highest bidder at a nonjudicial foreclosure sale of the property and tendered the funds to the foreclosure trustee after the sale. However, before the trustee's

---

∗ This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

deed could be executed and delivered to Next Level, debtor Bernard Carbonell filed his chapter 13[1] bankruptcy case.

At oral argument, the parties disclosed that Carbonell has since confirmed a chapter 13 plan which proposed paying off the secured debt in full. Next Level did not object to the plan or appeal the plan confirmation order. The foreclosure sale has now been rescinded, and the foreclosure trustee has returned the purchase funds to Next Level. Seeing that there is no longer a live case or controversy for us to decide, the appeal is constitutionally moot. Accordingly, we must DISMISS.

## FACTS

Carbonell was the owner of a condominium in Seattle ("Property"). The Property was subject to a deed of trust. After Carbonell fell behind on his payments, a foreclosure sale was set for December 30, 2022, at 9:00 A.M. Carbonell did not take any action to cure his default or enjoin the sale.

The foreclosure sale proceeded as scheduled. Next Level, an experienced investor in distressed properties, was the highest bidder with a bid of $245,000. Next Level tendered the funds to the foreclosure trustee. There were no irregularities with the sale.

Seven hours after the sale, Carbonell filed a skeletal chapter 13 bankruptcy case. His counsel notified the foreclosure trustee of the filing and advised that he cease and desist from transferring the Property or

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

completing the foreclosure process due to the automatic stay. The foreclosure trustee complied with counsel's request.

Next Level moved for relief from stay to complete the foreclosure. Next Level asserted that "cause" existed for relief under § 362(d)(1), because it paid $245,000 for the Property and was incurring costs of no less than $97.30 per day for Carbonell to enjoy the Property without Next Level's permission. Next Level argued that relief was also warranted under § 362(d)(2), because the unchallenged sale was completed prior to the bankruptcy filing and could not be unwound due to Carbonell's failure to pursue any pre-sale statutory remedies. Any post-sale efforts to repay the extinguished debt, argued Next Level, would constitute an unlawful redemption of the Property. The foreclosure trustee confirmed that he would execute and deliver the trustee's deed to Next Level once cleared to do so by the bankruptcy court.

Carbonell argued that Next Level was not entitled to relief because he was still the owner of the Property. Carbonell argued that Next Level could seek reimbursement from the foreclosure trustee or the lender, request that the foreclosure trustee unwind the sale, or file a claim in the bankruptcy. Carbonell argued that stay relief should also be denied because the lender was adequately protected given the amount of equity in the Property, and because the Property was necessary for an effective reorganization.

After a hearing, the bankruptcy court entered an order denying Next Level's motion for relief from stay. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We discuss our jurisdiction below.

## ISSUE

Is the appeal constitutionally moot?

## STANDARD OF REVIEW

Our jurisdiction, including whether an appeal is moot, is a question of law that we address de novo. *Menk v. Lapaglia (In re Menk),* 241 B.R. 896, 903 (9th Cir. BAP 1999).

## DISCUSSION

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" or "Controversies." *See* U.S. CONST. ART. III, § 2, CL. 1. The doctrine of constitutional mootness requires that an actual, ongoing controversy exist at all stages of federal court proceedings. *See Burke v. Barnes,* 479 U.S. 361, 363 (1987); *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC),* 391 B.R. 25, 33 (9th Cir. BAP 2008). A case becomes constitutionally moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation." *Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1086 (9th Cir. 2011) (cleaned up). "In other words, if events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot, because we do not have the constitutional authority to decide moot cases." *Id.* at 1087 (cleaned up); *see also Collect Access LLC v. Hernandez (In re Hernandez),* 483 B.R. 713, 719

4

(9th Cir. BAP 2012) ("An appeal is constitutionally moot when events occur during the pendency of the appeal that make it impossible for the appellate court to grant effective relief.").

Due to intervening events, there is no longer a live controversy necessary for Article III jurisdiction. While the appeal was pending, Carbonell confirmed a chapter 13 plan which proposed paying off the secured debt in full. Next Level did not object to the plan or appeal the plan confirmation order. The final confirmation order effectively resolved any dispute over the parties' legal and equitable ownership interest in the Property in Carbonell's favor. Further, the foreclosure sale has been rescinded, and the foreclosure trustee has returned the purchase funds for the Property to Next Level. Hence, any interest Next Level may have had in the Property at the time it filed this appeal is gone.

We are unable to grant any effective relief if we reversed the stay relief order. The purpose of stay relief was to allow Next Level to complete the foreclosure sale. But the sale has been rescinded.[2] As a result, this appeal does not present a justiciable case or controversy, and it is therefore moot.

## CONCLUSION

For the reasons stated above, the appeal is DISMISSED.

---

[2] Next Level has not brought a claim for damages for any losses it suffered while Carbonell was still in the Property, so that issue is not before us.