**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KILO DENZEL PACE,

    Defendant - Appellant.

No. 23-1231
(D.C. No. 1:17-CR-00355-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

In 2018 Kilo Denzel Pace pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Pace to fifteen months' imprisonment, to be followed by a term of three years of supervised release.  The district court revoked Pace's supervised release in 2021 and sentenced him to six months' imprisonment and eighteen additional months' supervised release.  In 2023 Pace violated the terms of his second supervised release, and the district

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court once again revoked supervised release. The district court sentenced Pace to a term of nine months' imprisonment, not to be followed by further supervised release. At that point, Pace had built up a significant bank of "jail credit" for time he had previously spent imprisoned that had not been credited toward any sentence. R. Vol. II at 5. Pace was thus effectively released from custody upon sentencing because his jail credit consumed the entirety of the nine-month sentence. *Anders* Br. at 3.

Pace appealed. However, his appellate counsel submitted an *Anders* brief, stating that there are no non-frivolous claims to be brought on appeal and seeking leave to withdraw from representing Pace. *See Anders v. California*, 386 U.S. 738, 744 (1967). Upon an independent review of the record, we agree that there are no non-frivolous arguments that Pace may bring on appeal, as the expiration of his sentence has rendered his appeal moot. We thus grant counsel's motion and dismiss the appeal.

## I.

In September 2017, Pace was indicted on one count of felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Pace pleaded guilty to the count in the indictment on December 4, 2017. The district court sentenced Pace on March 2, 2018 to fifteen months' imprisonment in the Federal Bureau of Prisons ("BOP") to be followed by three years of supervised release. Pace appealed his initial sentence, but the appeal was voluntarily dismissed. *See United States v. Pace*, No. 18-1099.

Following his release from prison in October of 2018, Pace struggled to adhere to the terms of his supervised release. On August 5, 2021, he appeared before the

2

district court for a supervised release violation hearing, where he admitted to violating several conditions of his supervised release. The district court sentenced Pace to six months' imprisonment to be followed by an eighteen-month term of supervised release. Because Pace had accrued significant jail credit time—seventeen months at that point—he began his term of supervised release immediately.

Pace once again struggled to stay within the bounds of his supervised release. On February 9, 2022, Probation Officer Stephanie Hartz filed a petition for a warrant, alleging that Pace had committed seven violations of his supervised release. *See* R. Vol. I at 11–13. These violations included possession and use of marijuana, failure to participate in treatment and testing, failure to work regularly, and failure to notify the probation office of a change in residence. At the July 14, 2023 revocation hearing, Pace admitted to the violations alleged in the petition for a warrant. The resulting guideline range was five to eleven months' imprisonment. The district court sentenced Pace to nine months' imprisonment, with no term of supervised release to follow. The court requested in its judgment that "[t]o the extent possible the BOP will expedite the calculation and designation, because it is the Court's belief that [Pace] has overserved time available to him that will consume the entirety of the sentence that was just imposed." R. Vol. I at 21. Per Pace's counsel, Pace was released from custody without ever being transferred to a BOP facility. *Anders* Br. at 3–4. It is uncontested that Pace has finished serving the sentence imposed in this case.

3

Pace wishes to challenge the revocation of his supervised release and requested his counsel file this appeal. *See Anders* Br. at 4–7. Counsel then filed the *Anders* brief before us. Neither Pace nor the government submitted a response brief.

## II.

Appellate counsel's "role as advocate requires that he support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. However, when counsel for the defendant has found the case to be "wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* Once counsel files an *Anders* brief, this Court must conduct a "full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* If, after performing an independent review of the record, we agree with counsel, then we may grant his request to withdraw and dismiss the appeal. *Id.* In this case, we agree with counsel.

Pace has no non-frivolous grounds for appeal because the case is moot. Article III of the United States Constitution extends our jurisdiction only to cases or controversies. U.S. CONST. art. III, § 2, cl. 1. "[W]hen the injury for which an appellant seeks judicial relief disappears or is resolved extrajudicially prior to the appellate court's decision, the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000) (citing *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). An appeal challenging a sentence is rendered moot when the defendant fully serves the sentence, "unless he can show that he remains subject to collateral

consequences even after completing the sentence." *United States v. Sandoval-Enrique*, 870 F.3d 1207, 1210–11 (10th Cir. 2017). In *Meyers* we held that "when a defendant appeals the revocation of his supervised release and resulting imprisonment and has completed that term of imprisonment, the potential impact of the revocation order and sentence on possible later sentencing proceedings does not constitute a sufficient collateral consequence to defeat mootness." 200 F.3d at 722. It is undisputed that Pace has completed his sentence. And counsel does not identify, nor can we surmise, a potential collateral consequence of the revocation of Pace's supervised release beyond hypothetical impacts on sentencing proceedings in the future. Pace's appeal is thus moot under the binding precedent of this circuit, and we lack jurisdiction to consider the challenge to the revocation of his supervised release.

## III.

For the reasons stated above, we agree with counsel that there is no non-frivolous basis for appeal. Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court

Allison H. Eid
Circuit Judge